Defendant-appellant Booker T. Dickason appeals the September 22, 1997 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 31, 1992, the Stark County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02. The indictment alleged appellant had engaged in sexual conduct with Amanda J. Dalton, not his spouse, and purposely compelled the victim to submit by force or threat of force. At his arraignment on September 4, 1992, appellant entered a plea of not guilty to the indictment. On September 8, 1992, appellant filed a Motion for Bill of Particulars. The Bill of Particulars disclosed appellant engaged in sexual conduct with Amanda Dalton by forcing the victim to perform oral sex on him.
The matter proceeded to a trial by jury. On March 23, 1993, the jury found appellant guilty of rape. Via Judgment Entry dated March 29, 1993, the trial court rendered judgment on the verdict and deferred sentencing until the completion of a pre-sentence investigation. On April 21, 1993, the trial court sentenced appellant to an indefinite term of incarceration of eight to twenty-five years. The trial court memorialized the sentence in a Judgment Entry dated April 29, 1993.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, the Warden of the Warren Correctional Institution, the institution in which appellant is incarcerated, filed an H.B. 180 screening form recommending appellant be adjudicated a sexual predator. The trial court scheduled an H.B. 180 hearing for September 17, 1997.
Prior to the hearing on July 18, 1997, appellant filed motions to dismiss based upon ex post facto and retroactivity grounds, and double jeopardy grounds; a motion to declare H.B. 180 unconstitutionally vague; and a motion for disclosure of information. Via Judgement Entry dated July 24, 1997, the trial court denied appellant's constitutional challenges to the sexual predator law.
At the hearing, the State presented the trial court with the bill of particulars, the pre-sentence investigation report, and a transcript of the trial testimony of the victim, Amanda Dalton. Appellant objected to the State's introduction of the pre-sentence investigation report arguing such evidence was inadmissible hearsay. Appellant also objected to the State's introduction of the partial transcript arguing he had no opportunity to cross-examine the witness. The trial court admitted the evidence and noted the exceptions.
Appellant's counsel informed the trial court of the various activities appellant has been involved in while incarcerated, including a twelve-step class on stress and coping, a twelve week course in family development, a sixteen week program on violence intervention and prevention, and a twelve week self-rehabilitation program. Counsel explained the programs included classes on sexual violence. Appellant's counsel also advised the trial court appellant was on a waiting list for the sexual offender program at the Warren Correctional Institution. After taking the matter under advisement, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in a Judgment Entry dated September 22, 1997. It is from this judgment entry appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS. (APPENDIX AT A-1).
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS. (APPENDIX AT A-1).
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS. (APPENDIX AT A-1).
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE. (APPENDIX AT A-1).
 V. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING. (APPENDIX AT A-2).
Appellant's pro se assignments of error:
 I. PURSUANT TO OHIO REVISED CODE 1.58(A), THE TRIAL COURT ERRED BY LACKING JURISDICTION TO CONSIDER APPELLANT UNDER THE PROVISIONS OF CHAPTER 2950 OF THE OHIO REVISED CODE, ENACTED UNDER HOUSE BILL 180, EFFECTIVE JANUARY 1, 1997.
 II. THE DOCTRINE OF COLLATERAL ESTOPPAL [SIC] BARS THE CONSIDERATION OF APPELLANT UNDER PROVISIONS OF HOUSE BILL 180, AND IT WAS ERROR TO ADJUDICATE APPELLANT TO BE A SEXUAL PREDATOR UNDER THE BARRED PROVISION OF O.R.C. 2950.09(I).
 I, II, III AND IV
Appellant's first, second, third, and fourth assignments are overruled on the authority of State v. Nosic (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v.Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported.
 V
In his fifth assignment of error, appellant submits the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
In its September 22, 1997 Judgment Entry, the trial court stated:
 The Court finds, pursuant to O.R.C. Sec. 2950.09
based upon the statutory factors and all relevant factors, that the defendant is, in fact, a sexual predator. This defendant was involved in a well thought out, well planned violent sexual offense. The conduct of this defendant clearly shows his predator nature in preying on a young girl as the victim of this violent offense. The defendant used deception and deceit to trick the victim * * * The Court has reviewed the presentence investigation in this matter along with all the evidence presented at the hearing and by clear and convincing evidence indicates that the defendant should be labeled as a sexual predator. The victim in this case was approximately 15 years of age * * * The defendant at the time of the offense in this case was approximately 40 years of age, held himself out to be a reverend and a minister and carefully picked out this victim, although she was a stranger to the defendant at the time of the offense. * * * the defendant acted with cruelty toward the victim. The defendant has never to this date admitted his guilt nor attempted in any way to significantly obtain help.
The presentence investigation report reveals appellant had a prior conviction for telephone harassment, in violation of 2917.21(A)(2), as a result of his making sexually obscene telephone calls. Additionally, the record shows appellant inflicted his abuse upon a victim, who, although unknown to him, was quite obviously a minor child. Appellant's conduct throughout the commission of the offense reveals his predatory nature. Appellant used deception and deceit to trick his victim into approaching his vehicle, and, thereafter, used force to bring his scheme to fruition.
We find these facts mitigate in favor of the trial court's decision. Although the system and design in which an offense is carried out is not one of the factors listed in R.C.2950.09(B)(2), and we do find this factor to be dispositive, the list is not exclusive and the trial court was free to evaluate all the evidence before it. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by some competent, credible evidence, and is not against the manifest weight of the evidence.
Appellant's fifth assignment of error is overruled.
 PRO SE I
In his first pro se assignment of error, appellant maintains the trial court erred in conducting the H.B. 180 proceedings because the court lacked jurisdiction over him because he was convicted and sentenced prior to the effective date of the law. In as much as we believe appellant's first pro se assignment of error raises retroactivity and ex post facto challenges to the sexual predator law, we overrule this assignment on the authority of this Court's decisions in State v. Nosic, supra
and State v. Bair, supra.
Appellant's first pro se assignment of error is overruled.
 PRO SE II
In his second pro se assignment of error, appellant contends the trial court was collaterally estopped from adjudicating him a sexual predator. Specifically, appellant submits because R.C.2929.12(A), as it existed at the time of appellant's sentencing, mandated the trial court consider the likelihood he would commit another crime in the future, the trial court is now foreclosed from re-litigating the issue during an H.B. 180 proceeding.
Under the Pre-S.B. No. 2 sentencing scheme, a trial court was required to consider several factors in determining the minimum term of imprisonment to be imposed for an indefinite sentence. R.C. 2929.12(A) provided:
 In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for protecting the public from the risk; the nature and circumstances of the offense; the victim impact statement prepared pursuant to section 2947.051 of the Revised Code, if a victim impact statement is required by that section; any statement by the victim pursuant to section 2930.14 of the Revised Code; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment.
Although R.C. 2929.12(A) set forth factors a trial court was required to consider before determining an offender's minimum sentence, such factors are not equivalent to elements or factual issues as contemplated under the doctrine of collateral estoppel. The trial court sentenced appellant to an indefinite term of incarceration of eight to twenty-five years. When appellant was sentenced, the sentencing range for rape, an aggravated felony of the first degree, was five, six, seven, eight, nine, or ten years to twenty-five years. We find the sentence imposed by the trial court does not affirmatively demonstrate the trial court concluded in appellant's favor on the factor of the risk for re-offending. Accordingly, we find the trial court's finding appellant to be at a high rate to re-offend in adjudicating appellant a sexual predator is not barred by the doctrine of collateral estoppel. Appellant's second pro se assignment of error is overruled.
The judgment entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Reader, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
Hon. William B. Hoffman, P.J., Hon. Sheila G. Farmer, J., Hon. W. Don Reader, J., JUDGES.